Kirkpatrick C. J. and Rossell J.
affirmed the judgment ; none of the reasons being sufficient for reversal.
*Southard J.
The declaration does not merely set out an agreement which the plaintiff below was to establish by evidence, but a written agreement to pay money for another, and states a consideration as contained in that written agreement. The paper offered, does not contain such a consideration. The paper offered in evidence, is not the paper set out in the state of demand. It was not therefore evidence to support the demand. The plaintiff ought to have proved his contract as he laid it.
The agreement, I think, amounts to this, that if Smith did not pay the judgment which is recited, within six months, he, Buckley, would. But why would he pay it ? what reason induced him ? what consideration supported the promise? None is stated; and therefore the question is fairly presented. Must the written memorandum, under the statute of frauds to pay the debt of another, contain as well the consideration as the promise ? Or is the promise alone sufficient ?
Upon this question, I entertain the following opinions. 1. A promise without a consideration is void, and the mere circumstance that it is reduced to writing, if there be no consideration, does not make it valid.
2. The design of the statute was not to prevent contracts, void for want of consideration, from being sustained *660 in courts of justice. Such contracts were not sustained before the statute was made, and it was more than useless to say that they should not be enforced.
3. The design of the statute was to prevent the enforcing of contracts, not void, but legal in their nature, for the payment of another’s debt, unless the whole contract was in writing. The attempt to enforce such contracts, gave rise to perjury as was supposed. Now the proof of the consideration was quite as likely to induce perjury as the proof of the terms of the contract. It is reasonable to suppose the one would be guarded against as much as the other.'
4. If the design was, to prevent the enforcing of a legal contract to pay another’s debt, I mean a contract with sufficient consideration, and if the statute require that contract to be in writing, it surely means that the whole contract should be in writing, and not such part only as is, in its very nature, illegal and void without the rest. I therefore believe that the consideration of the promise, as well as the promise itself, ought to be in writing.
*5. I think the terms of the statute, support this conclusion. “ Unless the agreement, or some note or memorandum thereof, be in writing.” Now what is an agreement ? A consideration is always contained in the legal idea of an agreement, and writers as well as courts, always so consider it. 3 Bur. 1670. Plow. 308. b. Dyer 336. b. 2 Bl. Com. 446. If then this agreement had stated the forbearance or delay to prosecute, which is stated in the demand, it would have set forth a valid consideration, and been sufficient under the statute of frauds. As it has not set forth that or any other consideration, I think it is insufficient, and that the judgment ought to be reversed.
Judgment affirmed.